UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

EUNICE OWUSU,

Plaintiff,

v.

FARMERS INSURANCE COMPANY, STEVEN BENSON, ANN LANCETT and WADE NELSON,

Defendants.

CIVIL NO. 02-32 (RHK/JMM)

ORDER

A pretrial conference was ordered for February 25, 2002. Plaintiff did not appear, nor otherwise comply with that Order. A telephone conference was held with all Parties in this matter on March 11, 2002. Eunice Owusu appeared pro se; Roger Fredrickson, Esq. appeared on behalf of Defendants Farmers Insurance Company and Steven Benson; and David Alsop, Esq. appeared on behalf of Defendants Ann Lancett and Wade Nelson. At the conference, Plaintiff stated that she had not received a copy of the Order for Pretrial Conference, even though she has confirmed that the address at which she lives is the same address as that on file with the Clerk of Court.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED:

1. All parties have a duty to keep the Clerk of Court advised of their address, telephone numbers and telefax numbers. A failure by any party to provide this information to the Clerk of Court is a waiver of Notice of any process or Orders in this matter.

FILED MAR 13 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. A new Order for Pretrial Conference will issue in this matter, to be held by telephone.

Dated: March 12, 2002

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

The Court held a telephone conference in this matter for the purpose of underscoring the matters set forth in this Order and Memorandum. Plaintiff has confirmed to this Court the following address and telephone numbers. The Parties and the Clerk of Court may use these data until notified by Plaintiff in writing of any change:

Eunice Owusu
1060 Alabama Drive, #104
Herndon, Virginia 20170
Tel. No. 703-471-0879
Fax. No. 703-471-0879
Cell Phone No. 202-431-9784

Plaintiff is encouraged to retain legal counsel. It is likely that counsel would be available who would take Plaintiff's case on a contingency fee basis, under which she would not be obligated to pay except out of the recovery, if any, in the litigation. We have called to the attention of Plaintiff the plain fact that no disadvantage will be imposed merely by reason of the fact that she is not represented by counsel. At the same time, pro se representation may not be permitted to provide advantage. All Parties are bound by the Rules of this Court. "A litigant has the right to act as his own attorney, with certain

exceptions not applicable here. However, if [s]he does so, [s]he should be restricted to the same rules of evidence and procedure as those qualified to practice law; otherwise, ignorance is unjustifiably rewarded." Hutter Northern Trust v. Door County Chamber of Commerce, 467 F.2d 1075, 1079 (7th Cir. 1972); "In general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure. Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996).

J.M.M.